UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| FRANK D RIVES, JR, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:19-cv-04567-JPH-TAB |
| JOHNNY WILSON, DENNIS BOYLE, CHRISTOPHER MYERS, MARK LUTHER, JOHN VAHLE, MARION COUNTY SHERIFF DEPARTMENT, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**ORDER SCREENING AMENDED COMPLAINT,
DISMISSING DEFICIENT CLAIM, AND
DIRECTING ISSUANCE AND SERVICE OF PROCESS**

Indiana prison inmate Frank D. Rives, Jr. commenced this 42 U.S.C. § 1983 action on November 8, 2019, alleging five police officers viciously beat him. Dkt. 2. *In forma pauperis* status has been granted. Dkt. 11.

**I. Screening Standard**

Because Mr. Rives is a prisoner, his amended complaint is subject to the screening requirements of 28 U.S.C. § 1915A(b). This statute directs that the court shall dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the

1

claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (same). The Court construes *pro se* pleadings liberally and holds them to less stringent standards than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## II. Mr. Rives's Complaint

In his complaint, Mr. Rives names as defendants (1) Sheriff Officer Johnny Wilson, (2) Sheriff Officer Dennis Boyle, (3) Sheriff Officer Christopher Myers, (4) Sheriff Officer Mark Luther, (5) Sheriff Officer John Vahle, and (6) the Marion County Sheriff Department. Dkt. 2 at 2. He alleges that the defendant Sheriff Officers viciously beat, kicked, and stunned him. *Id.* at 3. He also alleges the Officers "knocked a hole in the top of [his] head." *Id.* This conduct has caused him continuous headaches, back pain, and pain in his legs. *Id.*

## III. Analysis

Giving the complaint the liberal interpretation required at the screening stage, these allegations sufficiently state a claim under 42 U.S.C. § 1983. The claims against defendants Sheriff Officer Johnny Wilson, Sheriff Officer Dennis Boyle, Sheriff Officer Christopher Myers, Sheriff Officer Mark Luther, and Sheriff Officer John Vahle **shall proceed**.

The claims against the Marion County Sheriff Department cannot proceed. Mr. Rives's claims against the Marion County Sheriff Department are effectively a suit against a municipality. *Oesterlin v. Cook Cty. Sheriff's Dep't*, 781 F. App'x 517, 520 (7th Cir. 2019). Under section 1983, a municipality cannot be held vicariously liable for the actions of its agent or employee. *Los Angeles Cty. v. Humphries*, 562 U.S. 29, 35–36 (2010) (explaining *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978)). Rather, a municipality can be liable only for its own actions and corresponding harm. *Id.* "The critical question under *Monell* remains this: is the action about which the plaintiff is complaining one of the institution itself, or is it merely one untaken by a subordinate actor?" *Glisson v. Ind. Dept. of Corrections*, 849 F.3d 372, 381 (7th Cir. 2017) (*en banc*). An action is one of the "institution itself" when the municipality's "official policy, widespread custom, or action by an official with policy-making authority was the 'moving force' behind [the] constitutional injury." *Dixon v. Cty. of Cook*, 819 F.3d 343, 348 (7th Cir. 2016) (citing *Monell*, 436 U.S. 658; *City of Canton v. Harris*, 489 U.S. 378, 379 (1989)).

The "stringent" and precise grounds for *Monell* liability are required by section 1983. *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 402–404, 415 (1997); *see Humphries*, 562 U.S. at 36. Courts must apply "rigorous standards of culpability and causation" to prevent municipal liability from collapsing into *respondeat superior* liability, which section 1983 prohibits. *Brown*, 520 U.S. at 405, 415.

3

Here, Mr. Rives does not allege any facts suggesting that the Officers that attacked him acted pursuant to an official policy, widespread custom, or that an official with policy-making authority was the "moving force" behind the officer's actions. Rather, the complaint only alleges that the action about which Mr. Rives is complaining was untaken by a subordinate actor of these institutions instead of the institutions themselves. Therefore, the claims against the Marion County Sheriff Department are **dismissed** for failure to state a claim upon which relief can be granted. The **clerk is directed** to this defendant from the docket.

### IV. Opportunity to Show Cause

The section 1983 claims against Officers Johhny Wilson, Dennis Boyle, Christopher Myers, Mark Luther, and John Vahle are the only viable claims the Court has discerned in Mr. Rives's complaint. If Mr. Rives believes the Court has overlooked any claims or defendants, or if he believes the complaint should be allowed to proceed against the Sheriff Department, he shall have through **January 10, 2019**, in which to file a motion to reconsider.

### IV. Issuance and Service of Process

The **clerk is directed** pursuant to Federal Rule of Civil Procedure 4(c)(3) to issue process to defendants Johhny Wilson, Dennis Boyle, Christopher Myers, Mark Luther, and John Vahle in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. [2], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

**SO ORDERED**.

Date: 12/9/2019

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

FRANK D RIVES, JR
852403
MIAMI - CF
MIAMI CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

MIAMI E-FILE(COURT USE ONLY)
MIAMI CORRECTIONAL FACILITY (MCF)
Electronic Service Participant – Court Only

Johnny Wilson
Marion County Sheriff's Office
40 S Alabama St.
Indianapolis, IN 46204

Dennis Boyle
Marion County Sheriff's Office
40 S Alabama St.
Indianapolis, IN 46204

Christopher Myers
Marion County Sheriff's Office
40 S Alabama St.
Indianapolis, IN 46204

Mark Luther
Marion County Sheriff's Office
40 S Alabama St.
Indianapolis, IN 46204

John Vahle
Marion County Sheriff's Office
40 S Alabama St.
Indianapolis, IN 46204