UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| FRANK D RIVES, JR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:19-cv-04567-JPH-TAB |
| ) | |
| JOHNNY WILSON, ) | |
| DENNIS BOYLE, ) | |
| CHRISTOPHER MYERS, ) | |
| MARK LUTHER, ) | |
| JOHN VAHLE, ) | |
| ) | |
| Defendants. ) | |

**ORDER DENYING MOTION TO APPOINT COUNSEL**

Mr. Rives has filed a motion to appoint counsel. Dkt. [51]. Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, 28 U.S.C. § 1915(e)(1) gives courts the authority to "request" counsel. *Mallard v. United States District Court,* 490 U.S. 296, 300 (1989). As a practical matter, there are not enough lawyers willing and qualified to accept a pro bono assignment in every pro se case. *See Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) ("Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.").

"Two questions guide [this] court's discretionary decision whether to recruit counsel: (1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' *and* (2) 'given the

1

difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Walker*, 900 F.3d at 938 (quoting *Pruitt v. Mote*, 503 F.3d 67, 654-55 (7th Cir. 2007) (emphasis added)). These questions require an individualized assessment of the plaintiff, the claims, and the stage of litigation. *Pruitt,* 503 F.3d at 655-56.

As the Court stated in its previous Order, dkt. [50], while Mr. Rives has made efforts to recruit counsel on his own, his motion reflects that he is competent to litigate this action on his own at this time. *Olson,* 750 F.3d at 712 (7th Cir. 2014). Mr. Rives has consistently demonstrated his ability to file coherent motions and respond appropriately to Court orders.

The only change in the case since the denial of Mr. Rives' previous motion to appoint counsel is that he was set to be deposed. Dkt. 38. However, Mr. Rives' deposition will necessarily relate to facts known by him and alleged in his complaint. The factual allegations in his complaint are straightforward, and Mr. Rives' has not indicated that he is unable to answer questions regarding events that happened to him. At this time, Mr. Rives' motion for assistance with recruiting counsel, dkt. [51] is **DENIED without prejudice.** If Mr. Rives wishes to renew his motion as the case progresses, he may do so.

**SO ORDERED.**

Date: 10/20/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

FRANK D RIVES, JR
852403
MIAMI - CF
MIAMI CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Philip R. Zimmerly
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
pzimmerly@boselaw.com