UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| FRANK D RIVES, JR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:19-cv-04567-JPH-TAB |
| | ) |
| JOHNNY WILSON, et al., | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION
ON DEFENDANTS' VERIFIED MOTION FOR SANCTIONS**

**I.    Introduction**

This matter is before the Court on Defendants' verified motion for sanctions [Filing No. 52] against Plaintiff Frank D. Rives, Jr., for Rives' failure to participate in his October 6, 2020, deposition. As explained in more detail below, Rives had no valid excuse for failing to cooperate and attend his deposition. Accordingly, the Court should grant Defendants' motion for sanctions under Fed. R. Civ. P. 30(g).

**II.    Background**

On September 9, 2020, the Court granted Defendants leave to take Rives' deposition telephonically in light of Rives' current incarceration at the Miami Correctional Facility. [Filing No. 49.] Defendants coordinated with the warden's staff at the Miami Correctional Facility to schedule Rives' telephonic deposition for October 6, 2020. [Filing No. 52, at ECF p.1.] On that date, Rives briefly spoke with Defendants' counsel, then refused to participate in his deposition and hung up the call. [Filing No. 52, at ECF p. 2.] Defendants' counsel followed the local rules of this district and attempted to contact the Court to resolve the dispute. However, the magistrate

judge was unavailable. [Filing No. 52, at ECF p. 2.] In addition, Rives refused to participate in further telephonic conversations with defense counsel. [Filing No. 52, at ECF p. 4.] Subsequently, on October 19, 2020, Defendants filed the instant motion for sanctions. [Filing No. 52.]

On October 27, 2020, the Court held a telephonic status conference and discussed, among other matters, Defendants' motion for sanctions. [Filing No. 56.] Rives stated during that conference that he did not intend to file a written response to the motion. [Filing No. 56, at ECF p. 1.] Thus, this matter is now ripe for review.

### III.    Discussion

Rives informed the Court that he refused to participate in his deposition as scheduled: (1) because he had a pending motion for appointment of counsel, and (2) because his deposition testimony would be consistent with interrogatory responses he has provided to Defendants. [Filing No. 56, at ECF p. 1.] The Court addresses each argument below.

Rives has filed three motions for assistance of counsel in this matter. [Filing No. 35, Filing No. 40, and Filing No. 51.] Two were denied without prejudice before his scheduled deposition. [Filing No. 36]; [Filing No. 50.] The Court has since denied the third as well. [Filing No. 53.] As the Court articulated in its prior orders, there is no constitutional right to counsel in civil cases. *See, e.g., Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018) ("Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel."). However, an indigent litigant may request counsel to be appointed on a pro bono assignment; when reviewing such a request the Court considers: (1) whether the indigent plaintiff made a reasonable attempt to obtain counsel, and (2) given the difficulty of the case, whether the plaintiff seem competent to litigate the matter himself. *Id.*

In this case, the Court has acknowledged numerous times Rives' efforts to seek counsel. [Filing No. 36, Filing No. 50, and Filing No. 53.] However, the Court has also consistently noted Rives' ability to competently represent himself in this litigation. [Filing No. 36, Filing No. 50, and Filing No. 53.] The Court's third order denying Rives' request found that the only change since the denial of his previous motion was the setting of his deposition. [Filing No. 53, at ECF p. 2.] The Court concluded, however, that Rives' deposition would "necessarily relate to facts known by him and alleged in his complaint[,]" and reiterated that the factual allegations in Rives' complaint are straightforward and Rives "has not indicated that he is unable to answer questions regarding events that happened to him." [Filing No. 53, at ECF p. 2.] In addition, "[i]t's worth reemphasizing that the assistance of a pro bono lawyer in civil litigation is a privilege. The valuable help of volunteer lawyers is a limited resource. It need not and should not be squandered on parties who are unwilling to uphold their obligations as litigants." *Cartwright v. Silver Cross Hospital*, 962 F.3d 933, 937 (7th Cir. 2020) (internal citations and quotation marks omitted). Thus, Rives' then-pending motion for assistance of counsel did not excuse him from participating in his deposition or provide any basis for his failure to attend it as scheduled.

Rives' additional argument—that his deposition testimony would be consistent with interrogatory responses he has provided to Defendants—is also unavailing. Interrogatories are no substitute for a deposition, at which counsel can more thoroughly and comprehensively question a deponent. And Defendants received Court approval to take the deposition—and to do so telephonically due to the circumstances of this case. Accordingly, Rives' earlier submission of interrogatory responses provides no excuse for failing to attend his deposition.

Defendants contend that Rives' refusal to participate in his October 6, 2020, deposition caused Defendants "to suffer needless time and expense in this case, including attorney time and the costs of a court reporter." [Filing No. 52, at ECF p. 2.] Thus, Defendants seek sanctions in the amount of $292.50 for attorneys' fees and $200 for the cost of the court reporter, for a total expense of $492.50. [Filing No. 52, at ECF p. 2] These expenses are reasonable in light of Rives' actions. Accordingly, the Court should grant Defendants' motion and order sanctions against Rives in the amount of $492.50 for his refusal to participate in his deposition.

The Court recognizes that Rives is on in forma pauperis status and has limited funds. However, Rives indicated to the Court that he has some minimal funds in his commissary account, as well as a job at the correctional facility. Therefore, the Court recommends ordering Rives to pay Defendant's counsel a nominal amount (at least $10) toward his $492.50 balance to Defendants within 28 days of the adoption of this order. In addition, Rives should be required to provide the Court with a suggested payment plan, subject to Court approval, as to how he will pay the balance. The Court should further advise Rives that failure to take these actions may subject Rives' case to summary dismissal. To do otherwise would allow Rives to use his IFP status to shield his sanctionable conduct from any meaningful consequence.

### IV.   Conclusion

For reasons stated above, the Court should grant Defendants' motion for sanctions [Filing No. 52]. Rives should be ordered to reimburse Defendants $492.50 by providing a nominal first payment of at least $10 and payment plan for the balance within 28 days of the adoption of this report and recommendation.

Date: 11/17/2020

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

FRANK D RIVES, JR
852403
MIAMI – CF
MIAMI CORRECTIONAL FACILITY
Electronic Service Participant – Court Only