UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| FRANK D RIVES, JR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:19-cv-04567-JPH-TAB |
| ) | |
| JOHNNY WILSON, ) | |
| DENNIS BOYLE, ) | |
| CHRISTOPHER MYERS, ) | |
| MARK LUTHER, ) | |
| JOHN VAHLE, ) | |
| ) | |
| Defendants. ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Magistrate Judge Tim Baker has entered a Report and Recommendation, dkt. 57, recommending that the Court grant Defendants' motion for sanctions, dkt. 52. Mr. Rives has filed an objection, dkt. 58, to which the Defendants have responded, dkt. 60. The Court has considered and now **ADOPTS** the Report and Recommendation. Dkt. [57]. Mr. Rives' objection is **OVERRULED**, dkt. [58], and the motion for sanctions is **GRANTED**. Dkt. [52].

**I.
Facts and Background**

On September 8, 2020, the Court granted Defendants leave to take Rives' deposition telephonically. Dkt. 49. Defendants coordinated with the warden's staff at the Miami Correctional facility, where Rives is currently incarcerated, to schedule Rives' telephonic deposition for October 6, 2020. Dkt. 52 at 1. On that date, Rives briefly spoke with Defendants' counsel, then refused to participate in his deposition and hung up the call. Dkt. 52 at 1-2. After Mr.

1

Rives hung up the call, Defendants' counsel sought the assistance of the Magistrate Judge in allowing the deposition to go forward but was unable to reach the assigned Magistrate Judge.  Dkt. 52 at 2.  Defendants' counsel then arranged a time to call back to the facility, however Mr. Rives again refused to speak to them.  *Id.*  Subsequently, on October 19, 2020, Defendants filed a motion for sanctions under Federal Rule of Civil Procedure 30(g).  Dkt. 52.

## II.
## Applicable Law

Federal Rule of Civil Procedure 30(d)(2)[1] provides that a court "may impose an appropriate sanction—including reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d).  Sanctions serve two general purposes: "to penalize those whose conduct may be deemed to warrant such a sanction" and "to deter those who might be tempted to such conduct in the absence of such a deterrent." *NHL v. Metro. Hockey Club*, 427 U.S. 639, 643 (1976).  It is well established that "district courts have 'wide latitude in fashioning appropriate sanctions.'" *E360 Insight, Inc. v. Spamhaus Project*, 658 F.3d 637, 642 (7th Cir. 2011) (quoting *Johnson v. Kakvand*, 192 F.3d 656, 661 (7th Cir. 1999)).

When timely objections are filed to a Magistrate Judge's Report and Recommendation, the Court must undertake a *de novo* review of the Report.

---

[1] Defendants' motion cites Federal Rule of Civil Procedure 30(g), which refers to the noticing party failing to appear for a deposition.  Fed. R. Civ. P. 30(g).  This Order refers to subsection (d)(2).

2

28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b); *see also Govas v. Chambers*, 965 F.2d 298, 301 (7th Cir. 1992). The Court may then accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1).

## III.
## Analysis

Mr. Rives objects to the Report and Recommendation, arguing that his pending motion for appointment of counsel excused him from attending the deposition. Dkt. 58 at 2. He asserts that he refused to participate in the deposition as scheduled because of this pending motion and because his deposition testimony would be consistent with interrogatory responses that he had already provided to the defendants. *Id.*

As the Magistrate Judge correctly found, however, "Rives' then-pending motion for assistance of counsel did not excuse him from participating in his deposition or provide any basis for his failure to attend as scheduled." Dkt. 57 at 3. The Magistrate Judge also correctly found that "Rives' earlier submission of interrogatory responses provides no excuse for failing to attend his deposition." Dkt. 57 at 3. "Interrogatories are no substitute for a deposition, at which counsel can more thoroughly and adequately question a deponent." *Id.*

Here, Mr. Rives refused to respond to questions at his properly noticed deposition. After Mr. Rives initially hung up the phone call, Defendants' counsel, in compliance with the local rules, sought the assistance of the Magistrate Judge. Dkt. 52 at 2. After being unable to reach the assigned

3

Judge, Defendants' counsel once again attempted to reach Mr. Rives. *Id.* Mr. Rives repeatedly refused to participate in the deposition, even though this Court granted Defendants' leave to depose Mr. Rives telephonically. Dkt. 49. These actions support the imposition of sanctions. By refusing to be deposed, Mr. Rives did "impede[], delay[], or frustrate[] the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2).

In his objection to the Report and Recommendation, Mr. Rives asserts that he "believes that the issues complained of have merit . . . and that legal counsel is needed to properly advise and present those issues." Dkt. 58 at 2. However, this is not an objection to the Report and Recommendation. In addition, as this Court has noted multiple times, at this stage of the case, Mr. Rives appears competent to litigate the case himself. *See* dkt. 53 at 2. If Mr. Rives wishes to renew his motion to appoint counsel as the case progresses, he may do so.

Finally, the Court recognizes that Mr. Rives has been granted *in forma pauperis* status and has limited funds. Because of this, the Court will extend the recommended deadline for Mr. Rives to pay the nominal first payment to the Defendants.

## IV.
## Conclusion

For the reasons stated above, the Court **ADOPTS** the Report and Recommendation, dkt. [57], and **OVERRULES** Plaintiff's objections, dkt. [58]. Defendants' motion for sanctions is **GRANTED**. Dkt. [52]. Mr. Rives is ordered to reimburse Defendants' $492.50 by providing a nominal first payment of at

4

least $10 and a payment plan for the balance within 60 days of the adoption of the Report and Recommendation. Failure to take these actions may subject Mr. Rives' case to summary dismissal.

**SO ORDERED.**

Date: 12/8/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

FRANK D RIVES, JR
852403
MIAMI - CF
MIAMI CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Philip R. Zimmerly
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
pzimmerly@boselaw.com